


Andrew R. Brown (AB#1644)
Hill Rivkins & Hayden LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

THE CONTINENTAL INSURANCE COMPANY,

        Plaintiff,

- against –

M.V. MAERSK DORTMUND, her engines,
boilers, etc., in rem, A.P. Moller – Maersk A/S,
and Maersk Line, in personam,

        Defendants.

------------------------------------------------------------------x

07 CV 10399

Index No.:

COMPLAINT

The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, allege upon information and belief:

    FIRST:    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    SECOND:    At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

    THIRD:    At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above named

vessels which now are or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH:  On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessels and defendants in good order and condition the shipment described in Schedule A, which the said vessels and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

The plaintiffs herein, by their attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessels and defendants, allege upon information and belief:

FIRST:  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

SECOND:  At and during all times hereinafter mentioned, plaintiffs had and now have the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

THIRD:  At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above named vessels which now are or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH:  On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessels and defendants in good order and condition the shipment described in Schedule A, which the said vessels and defendants received,

accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

FIFTH: Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo was not delivered in the same good order and condition in which it was received.

SIXTH: Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

SEVENTH: Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and bring this action on its own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

EIGHTH: Plaintiff has duly performed all duties and obligations on its part to be performed.

NINTH: By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $32,000.00.

W H E R E F O R E, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in the complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiffs pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated; New York, NY
       November 16, 2007

                          HILL RIVKINS & HAYDEN LLP
                          Attorneys for Plaintiff

                          By: _____
                              Andrew R. Brown (AB#1644)

45 Broadway, Suite 1500
New York, NY 10006
212-669-0600

## SCHEDULE A

Plaintiff, The Continental Insurance Company., was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 40 Wall Street, New York, New York 10005.

Defendant, A.P. MOLLER - MAERSK A/S was and now is a foreign corporation with the office and place of business at Esplanaden 50, 1098 Copenhagen K, Denmark.

Defendant, Maersk Line was and now is a corporation with the office and place of business at 2 Giralda Farms, Madison Avenue, P.O. Box 880, Madison, New Jersey 07940-0880.

| | |
|---|---|
| Port of Loading: | New York |
| Port of Discharge: | Aden |
| B/L Number: | 511274334 dated 12/11/2006 |
| Cargo: | Foodstuffs and groceries |
| Shipper: | International American Supermarkets Corp. |
| Consignee: | To the Order of Shipper |
| Amount of Loss: | $32,000.00 |
| Cause of loss: | Damage |